O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAHID MORADIAN, | ) Case No. CV 12-9754 RNB |
| Plaintiff, | ) |
| vs. | ) ORDER REVERSING DECISION OF<br>) COMMISSIONER AND REMANDING<br>) FOR FURTHER ADMINISTRATIVE |
| CAROLYN W. COLVIN, Acting<br>Commissioner of Social<br>Security,[1] | ) PROCEEDINGS |
| Defendant. | ) |

The sole disputed issue listed in the Amended Joint Stipulation is whether the residual functional capacity ("RFC") determination of the Administrative Law Judge ("ALJ") is supported by substantial evidence and free of legal error.  The Court now rules as follows with respect to that issue.[2]

---

[1] The Acting Commissioner is hereby substituted as the defendant pursuant to Fed. R. Civ. P. 25(d). No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative

1

A.    Background

The ALJ determined that plaintiff had an RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: "the claimant can perform simple and complex tasks, can maintain regular attendance, can perform work activities on a consistent basis without special or additional supervision, can complete a normal work day without interruptions from psychiatric symptoms, can deal with routine work stressors, can interact appropriately with supervisors, has some limitations in her ability to interact appropriately with co-workers and the general public." (See AR 40.) The ALJ's RFC determination was consistent with a June 2009 psychiatric evaluation by Dr. David Bedrin. (See AR 209-13.)

However, after Dr. Bedrin's evaluation, during an administrative hearing held in September 2010, the ALJ sent plaintiff "for some psychological testing to measure the depth of [her] disabilities related to work activity." (See AR 29.) Plaintiff thereafter underwent a psychological evaluation by Dr. Melanie Moran. (See AR 253-59.) Dr. Moran noted that plaintiff was not taking any prescribed medication (see AR 255), but eventually opined that plaintiff could learn simple repetitive skills and adapt to minimal changes in a work setting (see AR 259). However, Dr. Moran also opined that plaintiff would have difficulty interacting with others on an ongoing basis, would have difficulty managing a schedule of average work activity, and was unlikely to be able to maintain pace and persistence on an ongoing basis. (See AR 259.) In his decision, the ALJ rejected this latter portion of Dr. Moran's opinion for the following stated reasons: (1) it was contrary to the weight of the evidence; and (2) it was inconsistent with Dr. Moran's own findings, which did not reveal that plaintiff was limited to this extent. (See AR 40.) Plaintiff contends that the ALJ's RFC

---

record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

determination, which posited only "some limitations" in plaintiff's ability to interact appropriately with co-workers and the general public, was not supported by substantial evidence and free of legal error because the ALJ failed to provide legally sufficient reasons to reject this portion of Dr. Moran's opinion.[3]

B.   Analysis

To reject the uncontradicted opinion of an examining physician, an ALJ must provide "clear and convincing" reasons. Where, as in this case, the examining physician's opinion is contradicted by that of another doctor, the ALJ must provide "specific and legitimate" reasons that are supported by substantial evidence in the record. See Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294,1298-99 (9th Cir. 1999); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, the Court finds that neither of the two reasons proffered by the ALJ constituted a legally sufficient reason for the partial rejection of Dr. Moran's opinion.

---

[3] In discussing Dr. Moran's opinion, the ALJ also noted that her evaluation was performed while plaintiff had discontinued her medication; in other words, the ALJ found that "despite [the claimant] not being on medication, Dr. Moran stated that the claimant was still able to perform simple repetitive tasks and adapt to change in work environment." (See AR 40, 42.) To the extent that this may be construed as a reason proffered by the ALJ to partially reject Dr. Moran's opinion, the Court finds that it would not be a legally sufficient reason to do so because it does not address the parts of Dr. Moran's opinion that are at issue (i.e., that plaintiff would have difficulty interacting with others on an ongoing basis, would have difficulty managing a schedule of average work activity, and was unlikely to be able to maintain pace and persistence on an ongoing basis). In fact, the Commissioner concedes that this reason "was not addressed as a way of rejecting Dr. Moran's opinion, but to substantiate Dr. Moran's observation that, despite Plaintiff's lack of compliance with medication treatment, Plaintiff could perform simple repetitive tasks." (See Jt Stip at 17.)

3

Specifically, the Court finds that the ALJ's first reason (i.e., that Dr. Moran's opinion was "contrary to the weight of the evidence") was not supported by substantial evidence because Dr. Moran's opinion was consistent with the weight of the evidence, which clearly indicated that plaintiff's condition had deteriorated during the period between Dr. Bedrin's June 2009 evaluation and Dr. Moran's October 2010 evaluation.[4]  Accordingly, Dr. Moran's opinion was more probative of plaintiff's

---

[4]  Specifically, the treatments notes of Dr. Janoian for that period evidenced the deterioration in plaintiff's condition. In June 2009, Dr. Janoian observed that plaintiff's "affect is normal," "[t]he patient is negative for anhedonia, is not anxious, does not exhibit compulsive behavior, has normal knowledge, has normal language, is not in denial, is not euphoric, is not fearful, does not have flight of ideas, is not forgetful, does not have thoughts of grandiosity." (See AR 234.)

In July 2009, Dr. Janoian's made similar observations with the additional observations that plaintiff "has a labile affect," "has deficient fund of knowledge, [and] has deficient language." (See AR 238.)

In September 2009, Dr. Janoian observed that plaintiff "has a depressed affect," "is anxious, exhibits compulsive behavior, has a deficient fund of knowledge, has deficient language, is in denial, is euphoric, is fearful, has flight of ideas, is forgetful, has thoughts of grandiosity, denies hallucinations, feels hopeless, has increased activity, is having mildly impaired remote memory, has mood swings, has obsessive thoughts, is paranoid, has poor insight, exhibits poor judgment, has poor attention span and concentration (characterized as slow response), does not have pressured speech, and does not have suicidal ideation." (See AR 239.)

In April 2010, Dr. Janoian observed that plaintiff "has an inappropriate affect," "is anxious, does not exhibit compulsive behavior, has normal knowledge, has normal language, is not in denial, is not euphoric, is not fearful, does not have flight of ideas, is not forgetful, does not have thoughts of grandiosity, denies hallucinations, denies hopelessness, has increased activity, is having moderately impaired remote memory, has no mood swings, has no obsessive thoughts, is paranoid, has poor insight, exhibits poor judgment, has poor attention span and concentration (characterized as concentration disjointed), does not have pressured speech, and does not have suicidal ideation." (See AR 242.) Dr. Janoian also noted that plaintiff "refuses treatment and walked out of the office" and that he advised plaintiff's sister to call the police if plaintiff posed a danger to herself or others. (See id.)

condition. See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) ("Where a claimant's condition becomes progressively worse, medical reports from an early phase of the disease are likely to be less probative than later reports."); Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985) ("Because [plaintiff]'s condition was progressively deteriorating, the most recent medical report is the most probative.")

Second, the Court finds that the ALJ's statement that Dr. Moran's opinion was "inconsistent with her own findings, which did not reveal that the claimant is limited to this extent" was not sufficiently specific to constitute a legally sufficient reason for the partial rejection of Dr. Moran's opinion. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required."); Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) (same); see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citing Embrey, 849 F.2d at 421-22); Regennitter, 166 F.3d at 1299 ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion.").[5]

//
//

---

[5] Moreover, to the extent that the ALJ may have partially rejected Dr. Moran's opinion because she is a psychologist, evidenced by the ALJ's comment during the administrative hearing that a "doctor trumps a Ph.D" (see AR 24), this rationale is inconsistent with the Commissioner's regulations, which provide that a psychologist is an acceptable medical source and that the Commissioner will accord more weight to the opinion of a specialist. See 20 C.F.R. §§ 404.1513 (a)(2), 416.913 (a)(2); see also 20 C.F.R. §§ 404.1527(c)(5); 416.927(c)(5). The ALJ's comment is also incongruous with the fact that the ALJ ordered psychological testing for plaintiff (see AR 29) after she had already been examined by a psychiatrist.

The Court therefore finds and concludes that the ALJ's RFC determination was not supported by substantial evidence or free of legal error because it was based on an improper evaluation of Dr. Moran's opinion.

**CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Weighing in favor of a remand for further administrative proceedings here is the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, additional administrative proceedings conceivably could remedy the defects in the ALJ's decision.

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004);

see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[6]; Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996); Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies to improperly discredited medical opinions. However, in Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003), the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. See id.

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[7]

DATED: September 26, 2013

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[6] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

[7] It is not the Court's intent to limit the scope of the remand.